IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA,

**RICHARD DEAN MEARS**

       **Petitioner,**

v.                                           **CIVIL ACTION NO. 2:10cv131**
                                               **(Judge Bailey)**

**KUMA DEBOO,**

       **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On November 29, 2010, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241. On December 9, 2010, the petitioner paid the $5.00 filing fee. On February 17, 2011, the petitioner notified this Court in an unrelated case[1] that he was informed on Friday, February 11, 2011, that he had been re-designated to another federal prison. Although the petitioner has yet to provide the Court with his new address is this or his other case, the Bureau of Prison website indicates that the petitioner is now housed at FCI La Tuna which is located in Anthony, Texas.[2]

---

[1] 2:08-cv-00115-JPB-DJJ (D1oc. 174).

[2] The Federal Correctional Institution (FCI) - La Tuna in Anthony Texas, is a low security facility housing male inmates. An adjacent minimum security satellite prison camp houses male inmates. A separate low security facility is associated with the FCI and houses male inmates. See www.bop.gov. The *pro se* law clerk assigned to this case spoke to inmate management at La Tuna and verified that the petitioner is confined to FCI La Tuna, and not at the Federal Satellite Low or the Satellite Camp, all of which have separate mailing addresses.

## II. CLAIM PRESENTED

The petitioner maintains that he is being held in the FCI Gilmer Special Housing Unit in Administrative Detention in violation of the Administrative Procedures Act under Title 5 of the United States Code. More specifically, the petitioner alleges that on July 31, 2010, Counselor Taylor escorted him from the Federal Prison Camp at Gilmer to the Special Housing Unit at the Federal Correctional Institution (FICI) Gilmer.[3] The petitioner further alleges that the transfer was for purposes of an SIS investigation, and he was informed that SIS Lieutenant Wintery had ninety (90) days to complete his investigation. The petitioner complains that as of the date he filed his petition, some 120 days later, the SIS Lieutenant had not even spoken with him. For relief, the petitioner seeks an order directing FCI Gilmer to follow their own rules and regulations as described in Title 5 of the United States Code, by conducting investigations within the prescribed time of ninety (90) days. In addition, because the investigation has not been completed in the time limits prescribed, he also asks that the Court order FCI Gilmer to release him to his assignment at the Gilmer Prison Camp.

## III. ANALYSIS

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be

---

[3] FCI Gilmer in Glenville, West Virginia is a medium security facility housing male offenders. An adjacent satellite prison camp house minimum security male inmates. See www.bop.gov.

dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

As previously noted, the petitioner seeks an Order that he be transferred from the Special Housing Unit at FCI Gilmer to his previous placement at the Prison Camp located at Gilmer. However, the petitioner has been transferred to FCI La Tuna in Anthony, Texas. Accordingly, to the extent that the petitioner seeks a valid claim that FCI Gilmer violated its own rules and procedures in conducting an SIS investigation, the petitioner is no longer incarcerated in Gilmer, and a transfer to the Prison Camp is no longer an available remedy.[4] Accordingly, this matter is now moot.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Doc. 1) be **DISMISSED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);

---

[4]In fact, it was never an available remedy. 18 U.S.C. § 3621(b) provides that "the Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determined to be appropriate..." Furthermore, the transfer of a convicted and sentenced inmate is within the sound discretion of the Bureau of Prisons. Meachum v. Fano, 427 U.S. 215 (1976). Accordingly, this Court does not have the authority order the petitioner's transfer to any specific facility. At most, the Court could have order FCI Gilmer to complete its investigation in a timely manner if it found that rules and procedures had been violated.

United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, addressed to Richard Dean Mears 12882-057, FCI La Tuna, Federal Correctional Institution, P.O. Box 3000, Anthony, TX 88021.

DATED: March 7, 2011

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE