**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**RICHARD DEAN MEARS,**

      Petitioner,

v.                                                                     **Civil Action No. 2:10cv131**

**KUMA DEBOO,**

      Respondent.

## ORDER

On March 7, 2011, Magistrate Judge David J. Joel filed his Report and Recommendation ("R&R)(Doc. 8), wherein the parties were directed, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within fourteen (14) days after being served with a copy of the R&R. Petitioner accepted service on March 28, 2011, and timely filed his Objections and Supplemental Objections on April 4, 2011 (Doc. 12 and Doc. 13).

Upon examination of the report from the Magistrate Judge, it appears to this Court that the issues raised by the petitioner's Application for Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, wherein petitioner seeks release the Special Housing Unit to the Federal Prison Camp at Gilmer, were thoroughly considered by Magistrate Judge Joel in his R&R. The Magistrate Judge has recommended dismissal of the petition as moot as the petitioner has been transferred to FCI La Tuna in Anthony, Texas. The Magistrate Judge further noted, in a footnote, that the remedy sought by petitioner was never an available remedy as designation and transfer of a prisoner is within the sound discretion of the Bureau of Prisons. See **Meachum v. Fano**, 427 U.S. 215 (1976); **Pardo v. Fed. Corr. Inst. Petersburg**, 19 F.3d 1429, *1 (4th Cir. March 23, 1994)(unpublished). Upon review of the petitioner's objections,

this Court finds that the petitioner has not raised any issues that would defeat the Magistrate Judge's recommendation of dismissal of this action.

More particularly, in his objections, petitioner argues that his claims are not moot as he still seeks return to the Prison Camp at Gilmer, and that he is entitled to due process protections before his security level can be increased and/or before he can be transferred to a greater security level institution. This Court has carefully reviewed this matter and finds that, while the petitioner may have a valid argument that his claim is not moot, it is irrelevant as this action is not properly before this court as a § 2241 action. § 2241 petitions may be filed to attack the fact or length of a petitioner's confinement, but generally not the conditions of that confinement. See **Preiser v. Rodgriguez**, 411 U.S. 475, 499, 93 S.Ct. 1827, 36 (1973). The Supreme Court has further held that a habeas petition is appropriate when "success in [the] action would necessarily demonstrate the invalidity of confinement or its duration." **Wilkinson v. Dotson**, 544 U.S. 74, 82 125 S.Ct. 1241 (2005). In the instant matter, it is without question that success for this petitioner will not result in a speedier release. His challenge is to his security level and, now arguably, his facility designation. Therefore, his challenge is to the conditions of confinement, not the fact or length of confinement. An action brought pursuant to 42 U.S.C. § 1983 is the proper vehicle for challenging security ratings or facility designations, not a § 2241 action. Accordingly, petitioner's objections are overruled. Therefore, it is

**ORDERED** that Magistrate Judge Joel's R&R (Doc. 8) be, and the same hereby is, **ADOPTED** in part. Accordingly, it is

**ORDERED** that the petitioner's § 2241 petition (Doc. 1) shall be, and the same hereby is, **DENIED** and **DISMISSED**. It is further

**ORDERED** that the Clerk shall enter judgment for the Respondent. It is further

**ORDERED** that the above-styled action shall be **STRICKEN** from the docket of this Court. It is further

**ORDERED** that, if a party should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

The Clerk of Court is directed to transmit a copy of this Order to all parties appearing herein.

**DATED**: April 19, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE